GEORGE CAREL v. AUGUST HAEDECKE and Others.[1]

November 21, 1913.

Nos. 18,296—(93).

**Evidence inadmissible.**

>In an action for maliciously suing out a writ of attachment and levying upon exempt property, it was error to receive in evidence a part of the record in a subsequent suit between the plaintiff and one of the defendants where the plaintiff recovered damages for the breach of a contract, which breach existed at the time of the suing out of the attachment, and might have been used as a counterclaim; and the court properly granted a new trial because of such error.

Action in the district court for Dakota county against August Haedecke, Frank C. Palon, Sarah Babb and J. C. Jamison to recover $500. The answer alleged that in November, 1910, plaintiff was indebted to defendant Babb in the sum of $75; that defendant Babb authorized defendant Haedecke to collect from plaintiff the amount due; that a suit was instituted in the name of defendant Babb against plaintiff and that thereafter the suit was dismissed on technical

[1] Reported in 143 N. W. 1124.

grounds. The case was tried before Hodgson, J., who denied separate motions to dismiss the action against the defendants and a jury which returned a verdict for $200 in favor of plaintiff. From an order granting a new trial, plaintiff appealed. Affirmed.

C. P. Carpenter, for appellant.

R. D. Barrett, for respondents.

DIBELL, C.

This action was brought by the plaintiff to recover damages for what he terms abuse of process and trespass. The verdict was for $200 in his favor. The court granted a new trial. He appeals.

On November 25, 1910, the defendant Babb commenced an action against the plaintiff in a justice court in Dakota county, and caused an attachment to issue. No affidavit for attachment was filed. The justice, one of the defendants, was without jurisdiction. He directed service of the attachment to be made by the defendant Palon upon specific exempt property of the plaintiff, and it was so levied. He was not a constable of the county and no showing such as is required by R. L. 1905, § 3897, justifying a service by him, was made. The defendant Haedecke was the agent of the plaintiff in instituting and conducting the proceeding.

In 1912, an action brought by the plaintiff against the defendant Babb to recover damages for the breach of a contract entered into in August, 1910, whereby the plaintiff was to cultivate and till the farm of the defendant for the crop season of 1910–1911, was tried in Rice county. It resulted in a verdict in favor of the plaintiff for $300, less the sum of $55 and interest, represented by a note of April 25, 1910, which was included in the suit in the justice's court. On the trial of the case at bar the court received in evidence a part of the record in the Rice county action, including the pleadings, a copy of the verdict, a statement of some of the proceedings, and a statement that judgment had been entered and that no appeal had been taken. This we think was error and, if so, the trial court's order granting a new trial should be sustained.

The purpose of the evidence was to show that at the time of the suit in justice court the plaintiff had a claim against the defendant

exceeding the amount there claimed. It was not sought to use a former judgment as a bar, nor to prove by it an issue in the case, but merely to prove an evidentiary fact which it was thought bore on the question of malice. The defendant had the absolute right to bring suit in the justice court. The claim in suit was not disputed. The gist of the wrong complained of is not that suit was brought in a justice court, but that an attachment was there maliciously sued out and levied upon plaintiff's exempt property. It is not very important whether plaintiff had a counterclaim; but evidence of a trial in another county, a showing of what the pleadings were, with a recital of a part of the proceedings, and a showing that the jury had found a verdict for the plaintiff in a considerable amount, if skilfully used before a jury, was likely prejudicial. The evidence was clearly erroneous as to all other than the defendant Babb and we think erroneous as to all.

Order affirmed.